**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SHAOLI LI,**

      Petitioner,

v.                                                Civil Action No. **3:25cv916 (RCY)**

**PAMELA JO BONDI,** *et al.*,

      Respondents.

### MEMORANDUM OPINION

Petitioner, a former detainee of United States Immigration and Customs Enforcement ("ICE"), filed a 28 U.S.C. § 2241 petition challenging his ongoing detention. In his § 2241 Petition, Petitioner sought release from ICE custody, asserting that his thirteen-month detention by ICE is unlawful and violates his due process rights. Respondents have moved to dismiss on the grounds that the § 2241 Petition is moot because Petitioner is no longer in ICE custody. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner has not responded. For the reasons stated below, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

### I.  PROCEDURAL HISTORY

Petitioner is a native and citizen of the People's Republic of China. Pet. ¶¶ 6, 11, ECF No. 1. His wife and child live in China. *Id.* ¶ 11. Due to political activity against the Chinese Communist Party and fear of the consequences of that activity, Petitioner fled China on April 11, 2024, and entered the United States on September 16, 2024. *Id.* ¶¶ 11, 13. Petitioner was first taken into ICE custody on September 16, 2024, and he remained in continuous custody since that date. *Id.* ¶¶ 12, 14. On September 17, 2024, Petitioner was charged with being inadmissible and

was ordered removed. *Id.* ¶ 13. On April 9, 2025, an immigration judge again ordered him removed to China. *Id.* On November 28, 2025, Petitioner was deported to his native People's Republic of China, and he is no longer in ICE custody. Mem. Supp. Ex. 1.

## II. ANALYSIS

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). On October 24, 2025, the day that he signed his § 2241 Petition challenging his ongoing detention, Petitioner was detained by ICE. (*See* ECF No. 1, at 12.) However, by November 28, 2025, prior to the Court's order directing Respondents' to file a response to the § 2241 Petition, Petitioner was removed to China and is therefore no longer in ICE custody.

"Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." *Diawara v. Sec'y of DHS*, No. AW–09–2512, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010) (citations omitted); *see Aguilar-Amaya v. Barr*, No. 2:20-cv-00497, 2021 WL 1705627, at *2 (E.D. Va. Mar. 9, 2021) (citations omitted) (finding removal from the United States renders habeas petition moot), *R. & R. adopted*, No. 2:20cv00497, 2021 WL 1700772 (E.D. Va. Apr. 29, 2021); *Castillo-Fornaris v. Crawford*, No. 3:19cv862 (DJN), 2020 WL 4227701, at *2 (E.D. Va. July 23, 2020) (finding release from ICE custody moots habeas challenge to ongoing detention). Because Petitioner is no longer in ICE

custody, his § 2241 Petition no longer presents a case or controversy that this Court can address. *See Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

For this reason, Respondents' Motion to Dismiss (ECF No. 8) will be GRANTED, Petitioner's § 2241 Petition (ECF No. 1) will be DISMISSED AS MOOT, the motions to appoint counsel (ECF Nos. 3, 4) will be DENIED, and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

_____
/s/
Roderick C. Young
United States District Judge

Date: February 2, 2026
Richmond, Virginia

3